# EXHIBIT "24"

EXHIBIT "24"

**RESP**
RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
MICHAELA E. TRAMEL ESQ.
Nevada Bar No. 9466
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: michaela@richardharrislaw.com
*Attorneys for Plaintiff*

RICHARD HARRIS LAW FIRM

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONICA HINOSTROZA,<br><br>Plaintiff,<br><br>vs.<br><br>DENNY'S, INC., d/b/a DENNY'S RESTAURANT, a Foreign corporation, DOES 1 through 20; ROE BUSINESS ENTITIES 1 through 20, inclusive jointly and severally,<br><br>Defendants, | Case No.: 2:17-cv-02561-RFB-NJK |

**PLAINTIFF'S RESPONSES TO DEFENDANT DENNY'S, INC.'S AMENDED SECOND SET OF REQUEST FOR PRODUCTION TO PLAINTIFF MONICA HINOSTROZA**

Pursuant to Rules 34 of the Federal Rules of Civil Procedure, Plaintiff MONICA HINOSTROZA ("Plaintiff"), by and through her Attorney of record, MICHAELA E. TRAMEL, ESQ. of the RICHARD HARRIS LAW FIRM, hereby responds to Defendant Denny's, Inc.'s Amended Second Set of Requests for Production to Plaintiff as follows:

///

///

///

RICHARD HARRIS LAW FIRM

## DEFINITIONS

A. "Nondiscoverable/Irrelevant." The request in question concerns a matter that is not relevant to the subject matter and the matters that remain at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B. "Unduly burdensome." The request in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C. "Vague." The request in question contains a word or phrase which is not adequately defined, or the overall request is confusing, and Plaintiff is unable to reasonably ascertain what information or documents Defendant seeks in the request.

D. "Overly broad." The request seeks information beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information which is non-discoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendant's requests to the extent that they seek documents that are protected by any absolute or qualified privilege or exemption, including, but not limited to, the attorney-client privilege, the attorney work-product exemption, and the consulting-expert exemption. Specifically, Plaintiff objects to Defendant's requests on the following grounds.

a. Plaintiff objects to Defendant's requests to the extent they seek documents that are protected from disclosure by the attorney-client privilege in accordance with Rule 26 of the Federal Rules of Civil Procedure and NRS 89.095.

b. Plaintiff objects to Defendant's requests to the extent they seek documents that are protected from disclosure by the work-product exemption in accordance with Rule 26(b)(1)(3) and (4) of the Federal Rules of Civil Procedure and applicable case law.

c. Plaintiff objects to Defendant's requests to the extent they seek documents that are protected from disclosure pursuant to the consultant/expert exemption in accordance with Rule 26(b)(3) and (4) of the Federal Rules of Civil Procedure and applicable case law.

      d. Plaintiff objects to Defendant's requests to the extent they seek trade secrets, commercially sensitive information, or confidential proprietary data entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

2. This is made on the basis of information and writings available to and located by Plaintiff upon reasonable investigation of its records. There may be other and further information respecting the requests propounded by Defendant of which Plaintiff, despite its reasonable investigation and inquiry, is presently unaware. Plaintiff reserves the right to modify or enlarge any with such pertinent additional information as it may subsequently discover.

3. No incidental or implied admissions will be made by the responses to Defendant's requests. The fact that Plaintiff may respond or object to any request or any part thereof shall not be deemed an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such request, or that such constitutes admissible evidence. The fact that Plaintiff responds to a part of any request is not to be deemed a waiver by Plaintiff of its objections, including privilege, to other parts to such request.

4. Plaintiff objects to any instruction to the extent that it would impose upon it greater duties than are set forth under the Federal Rules of Civil Procedure. Plaintiff will supplement its responses to the requests as required by the Federal Rules of Civil Procedure.

5. All responses will be made solely for the purpose of this action. Each will be subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

///

///

///

///

///

RICHARD HARRIS LAW FIRM

**RESPONSES TO AMENDED SECOND SET OF REQUEST FOR PRODUCTION**

**REQUEST NO. 23 (ERRONEOUSLY LABELED AS REQUEST NO. 1 BY DEFENDANTS):**

Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Ze Pereira from the date of the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 23 (ERRONEOUSLY LABELED AS REQUEST NO. 1 BY DEFENDANTS):**

Objection. This request seeks information concerning the existence or content of statements made by potential witnesses or parties subsequent to the occurrence upon which this suit is based and in connection with the investigation of this suit, or in anticipation of the prosecution of the claims made a part of the pending litigation. Further, this request is vague and ambiguous as to the phrase "other written communications." Without waiving said objections, Plaintiff answers as follows: Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 24 (ERRONEOUSLY LABELED AS REQUEST NO. 2 BY DEFENDANTS):**

Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Katia Moreno from the date of the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 24 (ERRONEOUSLY LABELED AS REQUEST NO. 2 BY DEFENDANTS):**

Objection. This request seeks information concerning the existence or content of statements made by potential witnesses or parties subsequent to the occurrence upon which this suit is based and in connection with the investigation of this suit, or in anticipation of the prosecution of the claims made a part of the pending litigation. Further, this request is vague and ambiguous as to the phrase "other written communications." Without waiving said

RICHARD HARRIS LAW FIRM

objections, Plaintiff answers as follows: Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 25 (ERRONEOUSLY LABELED AS REQUEST NO. 3 BY DEFENDANTS):**

Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Starlin Burgos from the date of the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 25 (ERRONEOUSLY LABELED AS REQUEST NO. 3 BY DEFENDANTS):**

Objection. This request seeks information concerning the existence or content of statements made by potential witnesses or parties subsequent to the occurrence upon which this suit is based and in connection with the investigation of this suit, or in anticipation of the prosecution of the claims made a part of the pending litigation. Further, this request is vague and ambiguous as to the phrase "other written communications." Without waiving said objections, Plaintiff answers as follows: Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 26 (ERRONEOUSLY LABELED AS REQUEST NO. 4 BY DEFENDANTS):**

Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Karla (347) 774-5132 from the date of the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 26 (ERRONEOUSLY LABELED AS REQUEST NO. 1 BY DEFENDANTS):**

Objection. This request seeks information concerning the existence or content of statements made by potential witnesses or parties subsequent to the occurrence upon which this suit is based and in connection with the investigation of this suit, or in anticipation of the

RICHARD HARRIS LAW FIRM

prosecution of the claims made a part of the pending litigation. Further, this request is vague and ambiguous as to the phrase "other written communications." Without waiving said objections, Plaintiff answers as follows: Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 27 (ERRONEOUSLY LABELED AS REQUEST NO. 5 BY DEFENDANTS):**

Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Yovanni Suasanbar from the date of the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 27 (ERRONEOUSLY LABELED AS REQUEST NO. 5 BY DEFENDANTS):**

Objection. This request seeks information concerning the existence or content of statements made by potential witnesses or parties subsequent to the occurrence upon which this suit is based and in connection with the investigation of this suit, or in anticipation of the prosecution of the claims made a part of the pending litigation. Further, this request is vague and ambiguous as to the phrase "other written communications." Without waiving said objections, Plaintiff answers as follows: Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 28 (ERRONEOUSLY LABELED AS REQUEST NO. 6 BY DEFENDANTS):**

Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Maria Becerra from the date of the Subject Accident through the present.

///

///

RICHARD HARRIS LAW FIRM

**RESPONSE TO REQUEST NO. 28 (ERRONEOUSLY LABELED AS REQUEST NO. 6 BY DEFENDANTS):**

Objection. This request seeks information concerning the existence or content of statements made by potential witnesses or parties subsequent to the occurrence upon which this suit is based and in connection with the investigation of this suit, or in anticipation of the prosecution of the claims made a part of the pending litigation. Further, this request is vague and ambiguous as to the phrase "other written communications." Without waiving said objections, Plaintiff answers as follows: Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 29 (ERRONEOUSLY LABELED AS REQUEST NO. 7 BY DEFENDANTS):**

Please produce copies of any and all documents related to the 2015 car accident you identified in your response to Defendant's Interrogatory No. 18, including, but not limited to, police report, medical records, property damage records and photographs, insurance policies/claim notes, including claim numbers and insurance carrier names, as well as the owners of the policy of insurance. If you are not in possession of these documents, please provide the contact information for the carriers and execute the attached release Exhibit "A".

**RESPONSE TO REQUEST NO. 29 (ERRONEOUSLY LABELED AS REQUEST NO. 7 BY DEFENDANTS):**

Objection; irrelevant, overbroad and unduly burdensome.

**REQUEST NO. 30 (ERRONEOUSLY LABELED AS REQUEST NO. 8 BY DEFENDANTS):**

Please produce copies of any the data of any type of FitBit, or other activity tracker device from five (5) years prior to the Subject Accident through the present.

RICHARD HARRIS LAW FIRM

**RESPONSE TO REQUEST NO. 30 (ERRONEOUSLY LABELED AS REQUEST NO. 8 BY DEFENDANTS):**

Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 31 (ERRONEOUSLY LABELED AS REQUEST NO. 9 BY DEFENDANTS):**

Please produce copies of documents or invoices documenting any hotel lodging/accommodations for the entirety your stay in Las Vegas when the Subject Accident occurred.

**RESPONSE TO REQUEST NO. 31 (ERRONEOUSLY LABELED AS REQUEST NO. 9 BY DEFENDANTS):**

Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 32 (ERRONEOUSLY LABELED AS REQUEST NO. 10 BY DEFENDANTS):**

Please produce copies of invoices documenting any plane tickets/or rental cars for the entirety your stay in Las Vegas when the Subject Accident occurred.

**RESPONSE TO REQUEST NO. 32 (ERRONEOUSLY LABELED AS REQUEST NO. 10 BY DEFENDANTS):**

Please see attached Exhibit 1,: Flight Confirmation from Spirit Airlines.

**REQUEST NO. 33 (ERRONEOUSLY LABELED AS REQUEST NO. 11 BY DEFENDANTS):**

Please produce copies or allow for inspection, any social media account you have from five (5) years prior to the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 33 (ERRONEOUSLY LABELED AS REQUEST NO. 11 BY DEFENDANTS):**

Objection. This request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and constitutes a violation of Plaintiff's right to

RICHARD HARRIS LAW FIRM

privacy and confidentiality. Requesting Defendant could utilize direct interrogatories or deposition questions to answer Defendant's questions as to whether Plaintiff has ever posted photographs of Plaintiff's injuries, made statements concerning the incident but not made in contemplation of litigation, and whether Plaintiff has made comments to friends or family concerning the incident. This can all be done without requiring Plaintiff to turn over the key to Plaintiff's electronic life and keep the doors wide open so that Defendant can attempt to dig up irrelevant tidbits which may be used to harass and intimidate Plaintiff. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353, 98 S.Ct. 2380, 2390 (1978).

**REQUEST NO. 34 (ERRONEOUSLY LABELED AS REQUEST NO. 12 BY DEFENDANTS):**

Please produce copies of your medical records with Dr. Virginia Leigh from five (5) years prior to the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 34 (ERRONEOUSLY LABELED AS REQUEST NO. 12 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 35 (ERRONEOUSLY LABELED AS REQUEST NO. 13 BY DEFENDANTS):**

Please produce copies of your medical records with Dr. Joseph Paneiro/Neighborhood Clinic from five (5) years prior to the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 35 (ERRONEOUSLY LABELED AS REQUEST NO. 13 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 36 (ERRONEOUSLY LABELED AS REQUEST NO. 14 BY DEFENDANTS):**

Please produce copies of any treatment provider you treated with for depression/anxiety from five years prior to the Subject Accident through the present.

RICHARD HARRIS LAW FIRM

**RESPONSE TO REQUEST NO. 36 (ERRONEOUSLY LABELED AS REQUEST NO. 14 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 37 (ERRONEOUSLY LABELED AS REQUEST NO. 15 BY DEFENDANTS):**

Please produce a copy of your ID card for Medicare/Medicaid Registry/CeltiCare Health Plan of MA, and Medicaid/MassHealth, both front and back.

**RESPONSE TO REQUEST NO. 37 (ERRONEOUSLY LABELED AS REQUEST NO. 15 BY DEFENDANTS):**

Please see attached Exhibit 3, front and back of MassHealth Insurance card.

**REQUEST NO. 38 (ERRONEOUSLY LABELED AS REQUEST NO. 16 BY DEFENDANTS):**

Please produce a copy of all text messages or emails you sent in the 48 hours after the Subject Accident.

**RESPONSE TO REQUEST NO. 38 (ERRONEOUSLY LABELED AS REQUEST NO. 16 BY DEFENDANTS):**

Objection. This request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and constitutes a violation of Plaintiff's right to privacy and confidentiality. All text messages or emails sent by the Plaintiff in the 48 hours after the subject incident are not relevant. Defense counsel is attempting to conduct a fishing expedition with this this request.

**REQUEST NO. 39 (ERRONEOUSLY LABELED AS REQUEST NO. 17 BY DEFENDANTS):**

Please produce copies of any and all applications you have submitted for Medicaid/Medicare.

RICHARD HARRIS LAW FIRM

**RESPONSE TO REQUEST NO. 39 (ERRONEOUSLY LABELED AS REQUEST NO. 17 BY DEFENDANTS):**

Objection: irrelevant, unduly burdensome and overbroad.

**REQUEST NO. 40 (ERRONEOUSLY LABELED AS REQUEST NO. 18 BY DEFENDANTS):**

Please produce copies of any and all correspondence between you and Medicaid/Medicare, including, but not limited to, acceptance of benefit letters or denial of benefit statements.

**RESPONSE TO REQUEST NO. 40 (ERRONEOUSLY LABELED AS REQUEST NO. 18 BY DEFENDANTS):**

Objection; irrelevant, unduly burdensome and overbroad.

**REQUEST NO. 41 (ERRONEOUSLY LABELED AS REQUEST NO. 19 BY DEFENDANTS):**

Please produce copies of any and all diagnostic tests you have undergone in regards for benefits for Medicaid/Medicare.

**RESPONSE TO REQUEST NO. 41 (ERRONEOUSLY LABELED AS REQUEST NO. 19 BY DEFENDANTS):**

Objection; irrelevant, unduly burdensome and overbroad.

**REQUEST NO. 42 (ERRONEOUSLY LABELED AS REQUEST NO. 20 BY DEFENDANTS):**

Please produce any and all documentation concerning prior admission regarding mental health issues, including, but not limited to, depression, anxiety, and stress as referenced to your answer to Interrogatory No. 11.

**RESPONSE TO REQUEST NO. 42 (ERRONEOUSLY LABELED AS REQUEST NO. 20 BY DEFENDANTS):**

Objection; irrelevant, unduly burdensome and overbroad.

RICHARD HARRIS LAW FIRM

**REQUEST NO. 43 (ERRONEOUSLY LABELED AS REQUEST NO. 21 BY DEFENDANTS):**

Please produce copies of your medical records with Brockton Hospital from five (5) years prior to the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 43 (ERRONEOUSLY LABELED AS REQUEST NO. 21 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 44 (ERRONEOUSLY LABELED AS REQUEST NO. 22 BY DEFENDANTS):**

Please produce copies of your medical records with Boston Medical Center from five (5) years prior to the Subject Accident through the present.

**RESPONSE TO REQUEST NO. 44 (ERRONEOUSLY LABELED AS REQUEST NO. 22 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 45 (ERRONEOUSLY LABELED AS REQUEST NO. 23 BY DEFENDANTS):**

Please produce copies of any documentation concerning any prescription medication you have taken in the one (1) year prior to the Subject Accident.

**RESPONSE TO REQUEST NO. 45 (ERRONEOUSLY LABELED AS REQUEST NO. 23 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 46 (ERRONEOUSLY LABELED AS REQUEST NO. 24 BY DEFENDANTS):**

Please produce copies of any documentation concerning any prescription medication you consumed in the 48 hours prior to the Subject Accident.

**RESPONSE TO REQUEST NO. 46 (ERRONEOUSLY LABELED AS REQUEST NO. 24 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

RICHARD HARRIS LAW FIRM

**REQUEST NO. 47 (ERRONEOUSLY LABELED AS REQUEST NO. 25 BY DEFENDANTS):**

Please produce copies of any documentation concerning any alcoholic beverages you consumed in the 48 hours prior to the Subject Accident, including, but not limited to, receipts, charge card statements or text messages concerning same.

**RESPONSE TO REQUEST NO. 47 (ERRONEOUSLY LABELED AS REQUEST NO. 25 BY DEFENDANTS):**

Objection; irrelevant, unduly burdensome and overbroad.

**REQUEST NO. 48 (ERRONEOUSLY LABELED AS REQUEST NO. 26 BY DEFENDANTS):**

Please produce copies of any documentation concerning any drugs you consumed in the 48 hours prior to the Subject Accident, including, but not limited to, receipts, charge card statements or text messages concerning same.

**RESPONSE TO REQUEST NO. 48 (ERRONEOUSLY LABELED AS REQUEST NO. 26 BY DEFENDANTS):**

Objection; irrelevant, unduly burdensome and overbroad.

**REQUEST NO. 49 (ERRONEOUSLY LABELED AS REQUEST NO. 27 BY DEFENDANTS):**

Please produce copies of any medical records or diagnostic tests relating to any treatment you have received from five (5) years prior to the Subject Accident through the present. If you do not have these records in your possession, please execute the attached release Exhibit "B" and provide the names of the treatment providers so Defendant can obtain these records.

**RESPONSE TO REQUEST NO. 49 (ERRONEOUSLY LABELED AS REQUEST NO. 27 BY DEFENDANTS):**

Objection; this request is beyond the scope of a request for production. Without waiving said objection, please see attached Exhibit 2, HIPPA authorization.

RICHARD HARRIS LAW FIRM

**REQUEST NO. 50 (ERRONEOUSLY LABELED AS REQUEST NO. 28 BY DEFENDANTS):**

Please produce an executed copy of the HIPAA Release attached as Exhibit "C".

**RESPONSE TO REQUEST NO. 50 (ERRONEOUSLY LABELED AS REQUEST NO. 28 BY DEFENDANTS):**

Please see attached Exhibit 2, HIPPA authorization.

**REQUEST NO. 51 (ERRONEOUSLY LABELED AS REQUEST NO. 29 BY DEFENDANTS):**

Please produce a copy of your Medical Marijuana Registry ID card, or similar registry in any other eligible state medical marijuana program ID card, both front and back.

**RESPONSE TO REQUEST NO. 51 (ERRONEOUSLY LABELED AS REQUEST NO. 29 BY DEFENDANTS):**

Objection; irrelevant.

**REQUEST NO. 52 (ERRONEOUSLY LABELED AS REQUEST NO. 30 BY DEFENDANTS):**

Please produce copies of any photographs or pictures of the Subject Accident scene.

**RESPONSE TO REQUEST NO. 52 (ERRONEOUSLY LABELED AS REQUEST NO. 30 BY DEFENDANTS):**

Plaintiff has no documents in her possession, custody, or control responsive to this request. Plaintiff reserves the right to supplement this response as discovery is ongoing.

**REQUEST NO. 53 (ERRONEOUSLY LABELED AS REQUEST NO. 31 BY DEFENDANTS):**

Please produce a copy of your cell phone records for the day of the Subject Accident and 48 hours afterwards. Please produce copies of all text messages during this time frame.

RICHARD HARRIS LAW FIRM

**RESPONSE TO REQUEST NO. 53 (ERRONEOUSLY LABELED AS REQUEST NO. 31 BY DEFENDANTS):**

Objection. This request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and constitutes a violation of Plaintiff's right to privacy and confidentiality.

DATED THIS 12th day of April, 2018.

**RICHARD HARRIS LAW FIRM**

/s/ Michaela E. Tramel
BY:______________________
RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
MICHAELA E. TRAMEL, ESQ.
Nevada Bar No. 9466
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

RICHARD HARRIS LAW FIRM

RICHARD HARRIS
LAW FIRM

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of RICHARD HARRIS LAW FIRM and that on this 16th day of April, 2018, I served a copy of the foregoing, **PLAINTIFF'S RESPONSES TO DEFENDANT DENNY'S, INC.'S AMENDED SECOND SET OF REQUEST FOR PRODUCTION TO PLAINTIFF MONICA HINOSTROZA**, as follows:

[XX ] U.S. Mail—By depositing a true copy thereof in the U.S. mail, first class postage prepaid and addressed as listed below; and/or

[ ] Facsimile—By facsimile transmission pursuant to EDCR 7.26 to the facsimile number(s) shown below and in the confirmation sheet filed herewith. Consent to service under NRCP 5(b)(2)(D) shall be assumed unless an objection to service by facsimile transmission is made in writing and sent to the sender via facsimile within 24 hours of receipt of this Certificate of Service; and/or

[ ] Hand Delivery—By hand-delivery to the addresses listed below.

[ ] Electronic Service – in accordance with Administrative Order 14-2 and Rule 9 of the Nevada Electronic Filing and Conversion Rules (N.E.F.C.R.).

Riley A. Clayton, Esq.
Troy Clark, Esq.
Hall Jaffe & Clayton, LLP
7425 Peak Drive
Las Vegas, NV 89128
*Attorneys for Defendant*
*Denny's Inc.*

/s/ Nicole Gilenson
An employee of RICHARD HARRIS LAW FIRM