UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MONICA HINOSTROZA,

    Plaintiff(s),

v.

DENNY'S INC.,

    Defendant(s).

Case No.: 2:17-cv-02561-RFB-NJK

**Order**

(Docket No. 16)

Pending before the Court is Defendant Denny's Inc.'s motion to compel discovery. Docket No. 16. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 16, 18, 19. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to compel discovery. Docket No. 16.

**I.    Background**

The instant case alleges a slip and fall accident at Defendant's restaurant. Docket No. 1 at 15-20. In March 2018, Defendant requested various releases from Plaintiff to obtain documents regarding her employment, a prior car accident in 2015, and records from medical providers. *See generally* Docket Nos. 16-1 – 16-13. On March 21, 2018, Plaintiff provided some of the requested releases. Docket No. 16-9 at 3. In April 2018, the parties met and conferred three times regarding the outstanding releases, as well as Plaintiff's responses to Defendant's amended second set of requests for production of documents. Docket Nos. 16 at 4, 16-24. The parties were unable to

resolve their discovery disputes. Docket No. 16 at 4-5. Defendant, therefore, filed the instant motion to compel the outstanding releases and responses to its requests for production numbers 23-30, 33, and 38. *Id.* at 5-6, 11-21.

**II.     Standards**

     A.     Discovery

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1). The most recent amendments to the discovery rules are meant to curb the culture of scorched earth litigation tactics by emphasizing the importance of ensuring that the discovery process "provide[s] parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cty. School Dist.*, 312 F.R.D. 594, 603-04 (D. Nev. 2016).

     B.     Motion to Compel

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed.R.Civ.P. 37(a). The burden is on the party resisting discovery to show why a discovery request should be denied by specifying *in detail*, as opposed to general and boilerplate objections, why "*each request* is irrelevant." *FTC v. AMG Servs.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (internal citation omitted) (emphasis added). This requires the party resisting discovery to show for each request, irregardless of numerosity, how each of its objections is applicable, by providing the relevant standard for each objection and a meaningfully developed argument as to how the standard has been met. *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (rejecting blanket claims of privilege as sufficient to address the applicable standard); *see*

2

*also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

**III.    Analysis**

Defendant asks the Court to compel Plaintiff to comply with numerous requests for production that it propounded upon Plaintiff.[1] The Court considers each category of requests in turn.

    A.    Request for Production Number 29 and Related Releases

> Please produce copies of any and all documents related to the 2015 car accident you identified in your response to Defendant's Interrogatory No. 18, including, but not limited to, police report[s], medical records, property damage records and photographs, insurance policies/claim notes, including claim numbers and insurance carrier names, as well as the owners of the policy of insurance. If you are not in possession of these documents, please provide the contact information for the carriers and execute the attached release Exhibit "A."

Docket No. 16-24 at 8. Plaintiff objected to this request on the grounds that it is irrelevant, overbroad, and unduly burdensome. *Id.*

Defendant submits that Plaintiff disclosed that she was in a car accident in 2015 and, although she denies sustaining any injuries or receiving treatment, it "should be entitled to verify this information" through an accident report, medical records, or the adverse insurance carrier. Docket No. 16 at 11-12; *see also* Docket No. 16-15 at 15. Defendant further submits that information from the adverse insurance carrier is relevant "[because] it contains the property damage from the prior accident and [it will] confirm whether or not Plaintiff [was] indeed treated

---

[1] As a preliminary matter, Defendant submits that the instant motion addresses, *inter alia*, "[w]hether Plaintiff must produce/identify pre-accident diagnostic testing … [and] documentation concerning alcohol / drugs / medication consumed prior to the Subject Accident." Docket No. 16 at 6. Defendant, however, fails to meaningfully develop its arguments regarding these discovery disputes, let alone address them, in the instant motion. The Court therefore does not address these discovery disputes. *See Kor Media Group*, 294 F.R.D. at 582 n.3.

Plaintiff's response suffers from similar inadequacies. *See generally* Docket No. 18. Plaintiff submits that "Defendant has not even acknowledged, let alone satisfied, its burden to '[] make a threshold showing that the discovery is relevant[]'." *Id.* at 7. However, Plaintiff fails to acknowledge that, as the party resisting discovery, she has the burden to show why each request is improper and how her objections meet the relevant standards. *See supra* Section II(B).

as a result of the 2015 accident." Docket No. 16 at 12. Lastly, Defendant asks the Court to compel information regarding two slip and fall accidents in 2012, for which Plaintiff was treated by Dr. David Worman, an orthopedist, and a 2015 visit to a neurologist, whose name Plaintiff has not provided. *Id.* at 7, 12.

In response, Plaintiff submits that she was not injured in the 2015 car accident and did not seek treatment. Docket No. 18 at 8. Plaintiff further submits that Defendant's "*only* basis for seeking [the] insurance file is Defendant's *assumption* that Plaintiff is lying." *Id.* (emphasis in original). In reply, Defendant submits that Plaintiff fails to address "why she had a CT [b]rain scan in 2015." Docket No. 19 at 5. Defendant further submits that the requested information is relevant because the prior accidents may or may not have "contributed to Plaintiff's alleged injuries in the subject litigation." *Id.* at 6.

Plaintiff's complaint alleges multiple injuries and physical impairments, as well as future lumbar surgery, due to her alleged accident at Defendant's restaurant. Docket Nos. 1 at 17-19, 16-18 at 35-37. Plaintiff's discovery responses indicate that, due to two slip and fall accidents in 2012, she was referred to Dr. Worman, an orthopedist. Docket Nos. 16 at 7, 16-16 at 5-8. Plaintiff has not, however, produced any medical records related to these incidents or to her treatment with Dr. Worman. *Id.* Plaintiff has also failed to produce medical records related to a 2015 neurologist visit and CT scan, as well as information substantiating her claim that she was not injured in the 2015 car accident. Docket Nos. 16 at 7, 16-16 at 2-4.

Medical records of injuries prior to an alleged accident are relevant to the issue of whether the injuries existed at the time of the accident and whether the accident caused or aggravated the injuries. *See Adele v. Dunn*, 2012 WL 5420256, at *2 (D. Nev. Nov. 5, 2012) (compelling the identity of the plaintiff's health care providers, as well as medical records of other accidents, from ten years prior to the accident at issue, despite the plaintiff's opposition that he had not been injured in the past ten years and that medical records of other accidents do not exist, because the "[d]efendant is entitled to reasonable discovery to determine whether [the plaintiff] suffered from any pre-existing condition contributing to the injuries at issue in this case"); *see also Martin v. Collier*, 2012 U.S. Dist. LEXIS 1411, at *6 (D. Nev. Jan. 4, 2012) ("Certainly in the interest of

justice the defendant in an action for personal injuries and loss of income has the right to determine whether the injuries or conditions complained of result from any other injury or illness which the patient-plaintiff has suffered") (internal citation omitted).

Following a similar line of reasoning, police reports and insurance records are relevant because they likely contain statements, photographs, or other information "to confirm or refute [a plaintiff's] allegation [he or she] was not injured" in an accident. *Adele*, 2012 WL 5420256, at *2 (compelling the plaintiff to produce "the police report or any other information regarding" a prior car accident); *see also Hoang v. Trident Seafoods Corp.*, 2007 U.S. Dist. LEXIS 55922, at *8 (W.D. Wash. July 23, 2007) (compelling accident or injury reports of prior similar accidents in a workplace injury case). Although Plaintiff claims she was not injured in the 2015 car accident, neither Defendant nor the Court is required to take Plaintiff's word, without further support, as true. *See Potter v. West Side Transp., Inc.*, 188 F.R.D. 362, 364 (D. Nev. 1999) (finding that the defendants have the right to verify whether the plaintiffs' claims that prior mental health issues are unrelated to their current claim of emotional injury are true).[2]

As to the relevant time period, Courts within the Ninth Circuit have found that medical records and reports dating between three years to ten years prior to an alleged accident are discoverable. *See Adele*, 2012 WL 5420256, at *3; *see also Snyder v. Fred Meyer Stores, Inc.*, 2013 U.S. Dist. LEXIS 85794, at * 11-12 (W.D. Wash. June 18, 2013) (narrowing the plaintiff's request for records of prior similar slip and fall accidents at the defendant's store from five years to three years); *Martin*, 2012 U.S. Dist. LEXIS 1411, at *11-12 (compelling mental health records for an *in camera* review for a period of five years prior to the accident); *McGarry v. Holland Am. Line-Westours, Inc.*, 2003 U.S. Dist. LEXIS 25668, at *4-5 (W.D. Wash. Dec. 1, 2003) (narrowing the plaintiff's request for records of prior similar slip and fall accidents on the defendant's cruise vessel from ten years to five years).

---

[2] The Court finds that the police report and insurance records are within Plaintiff's control "where, insofar as the records can be released – and perhaps can only be released – via an executed authorization or release, Plaintiff, by either granting or withholding her consent, can determine who may have access to them." *Prado-Guajardo v. Perez*, 2017 U.S. Dist. LEXIS 114844, at *3 (D. Nev. July 24, 2017).

5

1   Accordingly, the Court GRANTS Defendant's motion regarding request for production
2   number 29, as well as for the provider's name associated with the 2015 neurologist visit, and
3   medical records related to Plaintiff's visit with Dr. Worman, or any other doctors regarding her
4   two slip and fall accidents in 2012. The Court ORDERS Plaintiff to produce all responsive, non-
5   privileged information requested by July 20, 2018. The Court FURTHER ORDERS Plaintiff to
6   sign the releases for the police report and insurance information, and provide them to Defendant
7   by July 20, 2018. *See Prado-Guajardo*, 2017 U.S. Dist. LEXIS 114844, at *17 (finding that
8   Fed.R.Civ.P. 34 and 37, in conjunction with Fed.R.Civ.P. 1, "gives courts the power to compel
9   parties to sign written authorization forms consenting to the production of various documents").

   B.  Requests for Production 23-28, 38

> Please produce copies of any text messages, emails, or other written communications between either you or your counsel and Ze Pereira[, Katia Moreno, Starlin Burgos, Karla [], Yovanni Suasanbar, and Maria Becerra] from the date of the Subject Accident through the present.[3]
>
> Please produce a copy of all text messages or emails you sent in the 48 hours after the Subject Accident.

Docket No. 16-24 at 5-7, 11. Plaintiff objected to these requests on the grounds that they are, *inter alia*, vague, ambiguous, irrelevant, unduly burdensome, and constitute a violation of Plaintiff's right to privacy and confidentiality. *Id.*

Defendant submits that "Plaintiff's response [the interrogatory 11] admits she discussed the Subject Accident with her witnesses."[4] Docket No. 16 at 16. Defendant further submits that "FRCP 26(e)(C) holds that any party can, upon request, obtain a person's previous statements about the action…." *Id.* at 16-17. Plaintiff fails to make a meaningfully developed argument in her response, let alone address, Defendant's requests. *See generally* Docket No. 18; *see also Kor*

---

[3] Requests for production numbers 23 – 28 request the same information as to Mr. Pereira, Ms. Moreno, Ms. Burgos, Karla [], Ms. Suasanbar, and Ms. Becerra. Docket No. 16-24 at 5-7.

[4] According to Plaintiff's response to Defendant's interrogatory number 11, the individuals at issue in Defendant's requests for production numbers 23-28 are "expected to testify regarding the facts and circumstances surrounding the incident … as well as to the injuries, medical care and treatment the Plaintiff received as a result thereof…." Docket No. 16-15 at 11; *see also* Docket No. 16-18 at 3-4.

*Media Group*, 294 F.R.D. at 582 n.3. In reply, Defendant submits that Plaintiff fails to substantially address the instant requests. Docket No. 19 at 6-7.

Phone records are discoverable if the request is narrowly tailored in date and time and relates to a key issue in the case. *See Franklin*, 2013 U.S. Dist. LEXIS 67074, at *7-13 (compelling phone records from the defendant in a car accident case where the requests were sufficiently limited in time, but further limiting the subject matter); *see also Spitzmesser v. Tate Snyder Kimsey Architects, Ltd.*, 2012 U.S. Dist. LEXIS 4629, at *12-13 (D. Nev. Jan. 12, 2012) (compelling phone records from the plaintiff in a retaliatory discharge case, but further limiting the time period to six months prior to termination and two months following termination); *Allstate Ins. Co. v. Nassiri*, 2011 U.S. Dist. LEXIS 15881, at *7-8 (D. Nev. Jan. 21, 2011) ("telephone records should be limited to those that have some bearing on the claims or defenses in this case").

Accordingly, the Court GRANTS in part and DENIES in part Defendant's motion regarding requests for production numbers 23 – 28 and 38. The Court ORDERS Plaintiff to produce copies of text messages, emails, or other written communication she made with Mr. Pereira, Ms. Moreno, Ms. Burgos, Karla [], Ms. Suasanbar, and/or Ms. Becerra that relate to the alleged accident, as well as any resulting physical injuries or emotional distress. The Court FURTHER ORDERS Plaintiff to produce copies of text messages or emails she sent in the 48 hours after the alleged accident that relate to the accident, as well as any resulting physical injuries or emotional distress. Plaintiff shall produce all responsive, non-privileged information requested by July 20, 2018.

C.  Request for Production 30

> Please produce copies of any [of] the data of any type of FitBit, or other activity tracker device from five (5) years prior to the Subject Accident through the present.

Docket No. 16-24 at 8. Plaintiff responded to this request indicating that she has no responsive documents in her possession, custody, or control, but reserved the right to supplement her response. *Id.* at 9.

Defendant submits that "Plaintiff should be ordered to clearly state whether or not these documents exist…." Docket No. 16 at 17. In response, Plaintiff objects to this request on the

7

grounds that it is overbroad and unduly burdensome. Docket No. 18 at 10. Plaintiff, however, did not raise these objections in her initial response to Defendant's amended second set of requests for production and, therefore, the Court finds that she has waived these objections. *See Wilson v. Greater Los Angeles Ass'n of Realtors*, 2016 U.S. Dist. LEXIS 58595, at *8 (D. Nev. May 2, 2016) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (internal citation omitted) (finding that failure to assert an objection to discovery requests constitutes a waiver of an objection)); *see also* Docket No. 16-24 at 9. In reply, Defendant submits that information obtained from an activity tracker is relevant because, "if Plaintiff is walking/running miles every day, then this would affect the validity of her claim [and allegation of future lumbar surgery]." Docket No. 19 at 7.

The Court does not have sufficient information to determine whether Plaintiff conducted a reasonable inquiry to locate and produce responsive documents. *See Heyman v. Nev. ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 2017 U.S. Dist. LEXIS 213972 (D. Nev. Dec. 27, 2017) (ordering the defendant, who responded to the plaintiff's discovery request claiming that she "[had] nothing responsive to this request in [her] custody or control," to supplement her response with a description of "the search she conducted for responsive documents as represented in her Opposition").

Accordingly, the Court ORDERS Plaintiff to supplement her response to Defendant's request for production number 30 to fully describe the search she conducted for responsive documents, by July 20, 2018.

D.  Request for Production 33

Please produce copies or allow for inspection, any social media account your [*sic*] have from five (5) years prior to the Subject Accident through the present.

Docket No. 16-24 at 9. Plaintiff objected to this request on the grounds that it is, *inter alia*, irrelevant, unduly burdensome, and constitutes a violation of Plaintiff's right to privacy and confidentiality. *Id.* at 9-10.

Defendant submits that information obtained from a party's use of social media is relevant and bears on claims of emotional distress, adverse emotional or mental state, and other emotional

8

injury. Docket No. 16 at 18-21 (internal citations omitted). In response, Plaintiff submits that, despite the authority to which Defendant cites indicating limited and narrowed access into social media for discovery purposes, Defendant's request remains "overbroad and unduly burdensome." Docket No. 18 at 10. In reply, Defendant submits that this information is discoverable because Plaintiff's "social media provides a contemporary diary" relevant to her pre-existing and current physical and emotional limitations alleged in her complaint. Docket No. 19 at 10.

"Generally, [social networking] content is neither privileged nor protected by any right of privacy." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (internal citations omitted); *see also Voe v. Roman Catholic Archbishop of Portland*, 2015 U.S. Dist. LEXIS 182641, at *6-7 (D. Or. Mar. 10, 2015) ("the content of social networking sites is not protected from discovery merely because a party deems the content 'private'") (internal citations omitted). Courts within the Ninth Circuit have permitted discovery of a party's social media information and communications where the request was narrowed by websites or platforms, time-period, and content related to the case. *See e.g.*, *Dewidar v. AMTRAK*, 2018 U.S. Dist. LEXIS 1158, at *15 (S.D. Cal. Jan. 3, 2018) (compelling social media discovery in a personal injury case consisting of "social media files and photographs of the trip, which gave rise" to the action); *see also Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 608 (D. Nev. 2016) (limiting social media discovery in an employment discrimination case to, *inter alia*, "content that contains a reference to this lawsuit, … [the plaintiff's] state of mind, [and] the plaintiff's emotional or physical response or reaction to his transgender transition…"); *Voe*, 2015 U.S. Dist. LEXIS 182641, at *4-7 (limiting social media discovery in a sexual abuse case to, *inter alia*, events alleged in the plaintiff's complaint, any mental health or substance abuse treatment, the plaintiff's sobriety, and the plaintiff's alleged anxiety and depression); *Robinson v. Jones Lang LaSalle Ams., Inc.*, 2012 U.S. Dist. LEXIS 123883, at *6-7 (D. Or. Aug. 29, 2012) (compelling social media discovery in an employment discrimination case consisting of communications, "including profile postings, messages, status updates, [and] wall comments, … that reveal, refer or relate to any significant emotion, feeling, or mental state allegedly caused by defendant's conduct or … that could reasonably be expected to produce a significant emotion, feeling, or mental state allegedly caused by defendant's conduct").

Such information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state. *See e.g.*, *EEOC v. Simply Storage Mgmt.*, 270 F.R.D. 430, 435 (S.D. Ind. 2010) ("It is reasonable to expect severe emotional or mental injury to manifest itself in some [social networking site] content and an examination of that content might reveal whether onset occurred, when, and the degree of distress…"). Additionally, social media discovery is "directly relevant to … allegations of a serious physical injury…" and loss of enjoyment of life. *Dewidar*, 2018 U.S. Dist. LEXIS 1158, at *15; *see also Thompson*, 2012 U.S. Dist. LEXIS 85143, at *13 (finding that social media evidence relating to the plaintiff's "physical capabilities and social activities is relevant" to the plaintiff's allegations of physical injuries, emotional distress, and impaired quality of life).

Plaintiff alleges injuries to her "shoulders, back, bodily limbs, organs and systems, all or some of which [the] condition[s] may be permanent and disabling," as well as "physical impairment, mental anguish, and loss of enjoyment of life." Docket No. 1 at 17-19. The Court therefore finds that social media information and communications are relevant and, thus, discoverable under Fed.R.Civ.P. 26(b). One moment of happiness illustrated by social media, however, does not undermine a party's claims. *See Voe*, 2015 U.S. Dist. LEXIS 182641, at *7-8 (internal citation omitted). Therefore, social media discovery must allow the requesting party a sufficient sample size from which a potential pattern of content could reveal an emotional or mental state or physical capability that undermines a party's claim.

Accordingly, the Court GRANTS Defendant's motion regarding request for production number 33 and ORDERS Plaintiff to identify all social media platforms (including, but not limited to, Facebook, Snapchat, Twitter, and Instagram) with which she has an account and allow her counsel to review private, direct, and public postings, communications, and messages, as well as photographs which she has posted, and in which she is tagged, referenced, or appears, for the time period of February 22, 2015 to the present. *See Dewidar*, 2018 U.S. Dist. LEXIS 1158, at *15 (finding that discovery of social media information "one year prior to the accident to the present day, represents a reasonable time period for [the defendant] to gather information in support of its

defense to [the plaintiff's] claims of physical injury," and compelling information such as photographs and videos from Facebook, Snapchat, Twitter, and Instagram); *see also Voe*, 2015 U.S. Dist. LEXIS 182641, at *5-6 (compelling Facebook communications, including the plaintiff's profile, status updates, comments on his wall or his comments or other walls, and messages sent to/from the plaintiff, which relate to various issues in the case); *Robinson*, 2012 U.S. Dist. LEXIS 123883, at *5-6 (compelling "online social media communications by [the] plaintiff, including profiles, postings, messages, status updates, wall comments … [and] photographs, or media clips," which relate to emotions or feelings allegedly caused by the defendant's conduct).

Counsel shall disclose to Defendant all information which references the alleged accident, is relevant to Plaintiff's claims, and exhibits Plaintiff's emotional or mental state, expressions, and reactions related to the alleged accident by July 20, 2018.[5] The Court expects Plaintiff's counsel to conduct the review in good faith and consistent with counsel's obligation of candor toward the Court and opposing counsel. *See Robinson*, 2012 U.S. Dist. LEXIS 123883, at *6-7 (requiring the plaintiff's counsel to review and "determine what information falls within the scope of [the] court's order" compelling social media information); *cf. Westmoreland v. Wells Fargo Bank Northwest, N.A.*, 2016 U.S. Dist. LEXIS 15144, at *12 (D. Idaho Oct. 31, 2016) (denying the defendant's request to compel a third review of the plaintiff's Facebook account because both the plaintiff and her counsel "each spent several hours reviewing [the plaintiff's] Facebook account for any [relevant] information…"); *Voe*, 2015 U.S. Dist. LEXIS 182641, at *9-10 (ordering the plaintiff to "provide [his Facebook] profile to his counsel, to preserve the account for additional review…").

E.    Employment Releases

Defendant requested that Plaintiff sign an authorization for the release of her employment records because Plaintiff alleges lost wages and loss of earning capacity, and also because any modification of her work hours is relevant to her alleged injuries and future lumbar surgery.

---

[5] Social media discovery must be limited as to the substance of the information or communication, not merely "the simple fact that a claimant has <u>had</u> social communication." *Mailhoit*, 285 F.R.D. at 571.

11

Docket No. 16-10 at 2, 4. Plaintiff refused to provide the release because she claims she is no longer pursuing a lost wage claim. *Id.* at 3.

Defendant submits that employment records are discoverable because, if Plaintiff alleges future lumbar surgery, yet "can work 40 hours a week, then that affects the credibility of her future medical claim." Docket No. 16 at 12-13. Plaintiff fails to make a meaningfully developed argument in her response, let alone address, Defendant's request. *See generally* Docket No. 18; *see also Kor Media Group*, 294 F.R.D. at 582 n.3. In reply, Defendant submits that Plaintiff fails to substantially address the instant request. Docket No. 19 at 6. Defendant further submits that the employment records are relevant to Plaintiff's computation of damages. *Id.*

Employment records indicating information such as hours, wages or income, and responsibilities before and after an alleged accident are directly relevant and, thus, discoverable, where a plaintiff claims lost wages, loss of earning, or that the alleged accident negatively impacted his or her employment or occupational performance. *See e.g.*, *Prado-Guajardo*, 2017 U.S. Dist. LEXIS 114844, at *8 (finding employment records relevant to claims of alleged injuries suffered in a motorcycle accident). Indeed, such authorizations are commonplace and are frequently produced without court intervention. *See e.g.*, *Adele*, 2012 WL 5420256, at *2 (in a car accident case, the plaintiff responded to the defendant's request for production of employment records reflecting any lost income or earning capacity as a result of the accident, as well as employment records ten years prior to the accident, without court intervention); *see also Spargo v. State Farm Fire and Casualty Company*, 2017 U.S. Dist. LEXIS 96823, at *2 (in a car accident case, the plaintiff responded to the defendant's request for production of employment records by providing signed authorizations, without court intervention).

Although Plaintiff submits that she is no longer pursuing a lost wage claim, an amended complaint reflecting Plaintiff's new claims has not been filed. *Compare* Docket No. 1 at 18 *with* Docket. Nonetheless, it appears that Plaintiff's claims of "limited occupational … activities … [and] loss of earning capacity" remain in her complaint. Docket No. 1 at 18. The Court therefore finds that Plaintiff's employment records are relevant to her claim and, thus, discoverable under

Fed.R.Civ.P. 26(b). Moreover, as an employee-plaintiff, Plaintiff's employment records are under her control. *See supra* Section III(A) n. 1.

Accordingly, the Court GRANTS Defendant's motion regarding its request for Plaintiff's employment records and ORDERS Plaintiff to sign the release and provide it to Defendant by July 20, 2018. *See Prado-Guajardo*, 2017 U.S. Dist. LEXIS 114844, at *17 (finding that Fed.R.Civ.P. 34 and 37, in conjunction with Fed.R.Civ.P. 1, "gives courts the power to compel parties to sign written authorization forms consenting to the production of various documents").

**IV. Conclusion**

For the reasons discussed above, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's motion to compel discovery. Docket No. 16. The Court **ORDERS** Plaintiff to produce documents in response to Defendant's requests for production numbers 29 (as well as the provider's name associated with the 2015 neurologist visit and medical records related to Plaintiff's visit with Dr. Worman, or any other doctors regarding her two slip and fall accidents in 2012), 23-28 and 38 (limited to content that relates to the alleged accident, as well as any resulting physical injuries or emotional distress), and 33 (in accordance with the parameters discussed above, *supra* Section III(D)) by July 20, 2018. The Court **FURTHER ORDERS** Plaintiff to supplement her response to Defendant's request for production number 30 to fully describe the search she conducted for responsive documents by July 20, 2018. The Court **FURTHER ORDERS** Plaintiff to sign the releases for the police report, insurance information, and her employment information and provide them to Defendant, by July 20, 2018.

IT IS SO ORDERED.

Dated: June 29, 2018

                                                   NANCY J. KOPPE
                                                   United States Magistrate Judge